Isabel Machado, Esq. - 022371998
MACHADO LAW GROUP
1 Cleveland Place
Springfield, New Jersey 07081
T: 973-232-5291
F: 973-232-6261
Attorneys for Defendant, Teaneck Board of Education

**ELECTRONICALLY FILED**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.L. & I.L. o/b/o L.L., <br><br> Plaintiffs, <br><br> vs. <br><br> TEANECK BOARD OF EDUCATION, <br><br> Defendant. | Civil Action No.: 2:21-cv-14491 <br><br> ANSWER TO COMPLAINT |

Defendant Teaneck Board of Education ("Board" or "Defendant"), by way of Answer to the Complaint, says:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains conclusions of law (or legal citations) to which no response is required.  Defendant admits, however, that the final decision of the Office of Administrative Law Administrative Law Judge is subject to appeal.

2. Paragraph 2 contains conclusions of law (or legal citations) to which no response is required.  Defendant admits, however, that venue is proper in this Court.

**COUNT ONE**

3. Defendant admis that the Teaneck Board of Education is a public school district serving students in Teaneck, New Jersey. Defendant lacks sufficient knowledge or information

to form a belief as to the truth of the remaining information contained in the remainder of Paragraph 3, and leaves Plaintiffs to their proofs.

4. Defendant admits that L.L. is fifteen years old. Defendant admits that L.L. was previously found eligible for special education and related services under the classification of Other Health Impaired. The remaining allegations in Paragraph 4 state legal conclusions (or legal citations) to which no response is required. As such, the Defendant leaves Plaintiffs to their proofs.

5. Defendant admits that it is a public school district in Teaneck New Jersey. The remaining allegations in Paragraph 5 state legal conclusions (or legal citations) to which no response is required. As such, the Defendant leaves Plaintiffs to their proofs.

6. The allegations in Paragraph 6 are too vague and ambiguous to permit a response. Under the IDEA federal funding is provided to the State of New Jersey which distributes the funds.

7. Paragraph 7 contains conclusions of law (or legal citations) to which no response is required.  Defendant admits, however, Defendant is the public school district responsible for free and appropriate public education in the least restrictive environment to students residing in Teaneck, New Jersey.

8. Upon information and belief, Defendant admits.

9. Defendant admits that L.L. has previously received a diagnosis of Attachment Disorder, Post-Traumatic Stress Disorder (PTSD), and Attention Deficit Hyperactivity Disorder (ADHD). Defendant admits Plaintiffs previously provided a January 4, 2018 Neuropsychological Report, which indicates that the "nature of" the student's "difficulties is likely to best be reflected in what is often referred to as a

Neurodevelopmental Disorder: Intellectual Disability; or at best Borderline Intellectual Functioning." Defendant denies that same constitute a "diagnosis." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining information contained in the remainder of Paragraph 9, and leaves Plaintiffs to their proofs.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 10, and leaves Plaintiffs to their proofs.

11. Defendant admits that L.L. was first enrolled in Teaneck Public Schools in 2013, as a second-grade student. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in the remainder of Paragraph 11, and leaves Plaintiffs to their proofs.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 12, and leaves Plaintiffs to their proofs.

13. Defendant admits that a correspondence which may have been authored by Julie Saperstein was forwarded to the District by the Plaintiffs. Defendant denies the remaining allegations contained in Paragraph 13.

14. Defendant admits that a correspondence which may have been authored by Julie Saperstein was provided to the District by the Plaintiffs. To the extent Plaintiffs intend to make any representation concerning the content of the written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant leaves Plaintiffs to their proofs regarding the remaining allegations contained in Paragraph 14.

15. Defendant admits that an IEP meeting was held on July 14, 2017.  Defendant further admits that Plaintiffs expressed a number of concerns at same.  Said concerns are properly

noted in the IEP proposed on July 14, 2017. To the extent Plaintiffs intend to make any representation concerning the content of a written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant rejects any allegation or insinuation that the District failed to properly consider Plaintiffs parental concerns.

16. Defendant admits that Plaintiffs requested consideration of out of district placements. Defendant further admits that the IEP team did not place L.L. at an out of district placement. Defendant also admits that Plaintiffs expressed a number of concerns at the IEP meeting. Said concerns are properly noted in the IEP proposed on July 14, 2017. To the extent Plaintiffs intend to make any representation concerning the content of a written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant rejects any allegation or insinuation that the District failed to properly consider Plaintiffs parental concerns. Defendant denies the allegation that the district program was not meeting L.L.'s individualized needs. Defendant leaves Plaintiffs to their proofs regarding the remaining allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 are too vague and ambiguous to permit a response. To the extent Plaintiffs intend to make any representation concerning the content of the student's IEP, same speaks for itself and Plaintiffs are left to their proofs.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 18, and leaves Plaintiffs to their proofs.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 19, and leaves Plaintiffs to their proofs. To the extent Plaintiffs intend to make any representation concerning the content of a written document, same speaks for itself and Plaintiffs are left to their proofs.

20. The allegations in Paragraph 20 are too vague and ambiguous to permit a response. Defendant leaves Plaintiffs to their proofs.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 21, and leaves Plaintiffs to their proofs.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant admits that a letter dated February 12, 2018 was sent to Isabel Machado, Esq. To the extent Plaintiffs intend to make any representation concerning the content of the letter, same speaks for itself and Plaintiffs are left to their proofs.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 24, and leaves Plaintiffs to their proofs. To the extent Plaintiffs intend to make any representation concerning the content of a written document, same speaks for itself and Plaintiffs are left to their proofs.

25. Defendant admits that on April 17, 2018, the IEP team conducted an annual review of L.L.'s IEP. To the extent Plaintiffs intend to make any representation concerning the content of a written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant further admits that Beth Callahan, Esq. attended the meeting. Defendant also admits that the IEP team did not recommend an out of district placement. Defendant denies the allegation that the IEP recommended by the District was not appropriate. Defendant acknowledges that L.L. has had behavioral issues while enrolled in the District.  Defendant maintains that the District properly managed same.

26. Defendant admits that via a letter dated August 1, 2018, Plaintiffs, through counsel, informed the District that they had unilaterally placed L.L. at Villa Santa Maria. Defendant lacks sufficient knowledge or information to form a belief as to the truth of

the remaining information contained in Paragraph 26, and leaves Plaintiffs to their proofs.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in Paragraph 27, and leaves Plaintiffs to their proofs. Defendant denies any allegation or insinuation that the District's proposed program failed to offer L.L. a FAPE.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant admits that a request for due process dated May 9, 2018 was filed by Plaintiffs. Defendant admits that an "amended complaint" dated August 29, 2018 was filed by the Plaintiffs.

35. Upon information and belief, Defendant admits.

36. Defendant admits that in person hearing and zoom meetings were held on the dates specified. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining information contained in Paragraph 36, and leaves Plaintiffs to their proofs.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Upon information and belief, Defendant admits.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant admits that a written decision was issued by Judge Testa. To the extent Plaintiffs intend to make any representation concerning the content of the written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant further admits that Judge Testa found that the District provided L.L. with a FAPE.

44. Paragraph 44 contains conclusions of law (or legal citations) to which no response is required. Defendant denies any allegation or insinuation that the District failed to meet its burden of proof.

45. Paragraph 45 contains conclusions of law to which no response is required. Defendant admits that a written decision was issued by Judge Testa. To the extent Plaintiffs intend to make any representation concerning the content of the written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant objects to any mischaracterization of the written decision. Defendant denies any allegation or insinuation that the District failed to provide L.L. a FAPE.

46. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that Judge Testa's finding that L.L. made meaningful educational progress in the District's program during the 2017-2018 school year was improper or not supported by evidence.

47. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant

denies any allegation or insinuation that Judge Testa's finding was contradictory or not based on testimony / evidence.

48. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that Judge Testa's finding was improper or not supported by testimony / evidence.

49. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant admits that Judge Testa found Saperstein's testimony recommending L.L. to VSM was a net opinion. Defendant denies any allegation or insinuation that the Judge's finding was improper or not supported by testimony / evidence.

50. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that Judge Testa improperly relied upon L.L.'s improved attendance.

51. To the extent Plaintiffs intend to make any representation concerning the content of the written document, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that the District has no documentation to show that L.L. made progress.

52. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that Judge Testa's decision was not based on all of the factors that were before the Judge.

53. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that Judge Testa shifted the burden. Defendant denies any allegation or insinuation that Judge Testa's decision assigns "fault."

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. To the extent Plaintiffs intend to make any representation concerning the content of the written decision, same speaks for itself and Plaintiffs are left to their proofs. Defendant denies any allegation or insinuation that the Judge's findings were not true. Defendant denies any allegation or insinuation that Plaintiffs consented to all of the District's proposed evaluations.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

## COUNT TWO

61. Defendant repeats the responses set forth in the previous paragraphs as though fully set forth herein.

62. Paragraph 62 contains conclusions of law (or legal citations) to which no response is required.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

At all times relevant hereto, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

### THIRD SEPARATE DEFENSE

The Plaintiffs' claims are barred as moot and / or not ripe.

### FOURTH SEPARATE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

### FIFTH SEPARATE DEFENSE

Plaintiffs failed to exhaust its administrative remedies.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are untimely and are barred, in whole or in part, by the applicable Statute of Limitations.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are brought in bad faith and for the improper purpose of harassment or increasing the cost of litigation.

Dated: October 8, 2021                        Machado Law Group, LLC
                                              Attorneys for Defendant

                                              By: /s/ Isabel Machado
                                              Isabel Machado, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Isabel Machado, Esq. is hereby designated as trial counsel for Defendant, Teaneck Board of Education, in the within matter

Dated: October 8, 2021　　　　　　　　　　　Machado Law Group, LLC
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

By: *[signature]*

Isabel Machado, Esq.

## CERTIFICATION OF SERVICE

It is hereby certified that the within Answer was filed in the time period under the Rules of the Court.

Dated: October 8, 2021　　　　　　　　　　　Machado Law Group, LLC
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

By: *[signature]*

Isabel Machado, Esq.